**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 03:52 PM July 26, 2013**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| SCOTT A. KYER, | ) CASE NO. 12-62512 |
| | ) |
| Debtor. | ) ADV. NO. 12-6142 |
| | ) |
| CAROL HAMILTON, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| SCOTT A. KYER, | ) **(NOT FOR PUBLICATION)** |
| | ) |
| Defendant. | ) |

Defendant-Debtor seeks summary judgment on Plaintiff's § 523(a)(5) and (15) claims, arguing that the debts are dischargeable. Plaintiff disagrees.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Debtor and Plaintiff are former spouses. In 2011, after nineteen years of marriage, the parties' marriage was dissolved. As part of the dissolution, the parties entered into an amended separation agreement. Two sections of that agreement are of particular relevance to the present controversy.

Section 2 of the agreement, titled "Spousal Support," sets forth Debtor's obligation to pay Plaintiff spousal support of $250.00 for four years beginning on July 27, 2011. Following Defendant's remarriage, the parties voluntarily agreed to terminate her spousal support and the Domestic Relations Division of the Court of Common Pleas for Portage County, Ohio entered an order to this end on June 18, 2012.

Section 5 of the agreement is titled "Division of Property." Section 5.2, titled "Automobiles," provides the following:

> The parties further agree that Wife owns a 2004 Ford Expedition (16,000), and that Wife shall (sic) her interest, free and clear of all interests and claims of Husband, however, Husband shall be responsible for any payments, expenses (not insurance) and shall hold Wife harmless thereon.

Under the same provision, Debtor retained his interest in a 2006 F150, valued at $18,000; a 1999 Ford F150, valued at $3,000; and a 2001 motorcycle, valued at $5,000; free and clear of all claims of Wife. Wife retained an interest in a 1986 motorcycle valued at $1,000.

The parties acquired the Expedition in March 2011. Part of the purchase price was paid with an insurance settlement, the balance of $8,000 was financed by Debtor through a loan with BFG Federal Credit Union.

Debtor filed a chapter 7 bankruptcy case on September 12, 2012. Included on Schedule D was the debt owed on Plaintiff's Expedition with a balance of $5,659. On December 21, 2012, Plaintiff filed an adversary complaint seeking a determination that the debt is nondischargeable under either § 523(a)(5)(B) or (a)(15).

## LAW AND ANALYSIS

A minor procedural note is in order. On February 7, 2013, the court established May 10, 2013 as the deadline to file a dispositive motion. Defendant-debtor filed his motion for summary judgment on May 10, 2013. On May 23, 2013, Plaintiff filed a response and cross-motion for summary judgment. Defendant-debtor did not object to the cross-motion as untimely, nor has he filed a response to the cross-motion. Upon review of the motions, it appears that questions of law, not fact, predominate. Since the underlying question is dischargeability, a finding for one party will be determinative of the parties' dispute. The court will therefore consider both Defendant's

2

motion for summary judgment and Plaintiff's late-filed cross-motion.

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56 as adopted into bankruptcy practice by Federal Rule of Bankruptcy Procedure 7056. The court is required to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter law." Fed. R. Civ. P. 56(a). Courts are instructed to view the facts, and any reasonable inferences drawn from those facts, in favor of the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 547, 587 (1986). The movant "bears the initial responsibility of informing the … court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 371, 323 (1986). Summary judgment is appropriately entered when a party cannot demonstrate the existence of "an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

Sections 523(a)(5) and (15) concern the dischargeability of debts to spouses, former spouses and children of a debtor. On the whole, these types of debts have "traditionally [been] accorded favorable treatment in bankruptcy." Damschroeder v. Williams (In re Williams), 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008). As Williams notes, this favor includes priority treatment and nondischargeability. Id. Very broadly speaking, § 523(a)(5) covers debts of support, alimony and maintenance while § 523(a)(15) covers other domestic debts, including debts arising from divisions of property and the assumption of third-party debt.

Defendant argues that his obligation to pay the loan on Plaintiff's Expedition was a spousal support obligation that terminated in June 2012 with the parties' voluntary agreement to end spousal support upon Plaintiff's remarriage. Plaintiff disagrees that the obligation was covered by this agreement.

**I.  Section 523(a)(5)**

Section 523(a)(5) excepts "domestic support obligation[s]" from discharge.

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on the debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

3

          (ii)    a governmental unit;

    (B)  in the nature of alimony, maintenance or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

    (C)  established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

          (i)    a separation agreement, divorce decree, or property settlement agreement;

          (ii)   an order of a court of record; or

          (iii)  a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

    (D)  not assigned to a governmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting this debt.

11 U.S.C. § 101(14A).

     There is no dispute that the debt (1) accrued before the order for relief in Debtor's bankruptcy case, (2) is owed to Debtor's ex-wife, (3) was established through the parties' amended separation agreement entered in their dissolution, and (4) was not assigned. The question that arises is whether it is in the "nature of alimony, maintenance or support." This is determined by looking

> at "traditional state law indicia" of support obligations. Sorah v. Sorah, 163 F.3d 397, 401 (6th Cir. 1998). Such as: "(1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits." Id.

Rugiero v. DiNardo (In re Rugiero), 502 Fed.Appx. 436, 439 (6th Cir. 2012) (unpublished).

4

The court finds that the debt does not bear the hallmarks of a support obligation. First, it is contained in a section titled "Division of Property," not in the section specifically designated "Spousal Support." The separation agreement clearly shows the parties knew how to designate an obligation as spousal support. Second, it is not payable directly to Plaintiff, but is payable to BFG Federal Credit Union, the lender. Third, Plaintiff's payment of the debt is not contingent on other events such as death or remarriage. Instead, Defendant is liable for the payments until the loan is paid in full.

Since the debt is not in the nature of alimony, support or maintenance, the court finds that it is not a domestic support obligation excepted from discharge under 11 U.S.C. § 523(a)(5). Further, since the court finds it was not spousal support, the court concludes it was not subject to termination in the June 2012 order terminating spousal support between the parties. The court finds that the debt is dischargeable under 11 U.S.C. § 523(a)(5) and Defendant's motion for summary judgment will be granted on this count while Plaintiff's is denied.

## II.    11 U.S.C. § 523(a)(15)

Section 523(a)(15) provides that a discharge will not cover debts

> (15)   to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15).

This court previously adopted a tripartite test for § 523(a)(15) purposes. Cheatham v. Cheatham (In re Cheatham), 2009 WL 2827951 * 4 (Bankr. N.D. Ohio 2009) (citing Williams, 398 B.R. 464, 468). To succeed on his dischargeability claim, Defendant must establish (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred in a separation agreement, divorce decree or other order of a court of record. Id.

On the first consideration, Debtor argues that his obligation is to BFG Federal Credit Union, not his ex-wife. This argument was thoroughly discussed, and rejected, by this court in Cheatham. Based on the court's conclusions in part I, *supra*, it is clear that this debt is not of a type covered by § 523(a)(5). Only the third factor, focusing on when the debt was incurred, remains. Debtor contends that his liability to BFG predates the dissolution agreement and therefore was not incurred in the course of the parties' dissolution.

5

The Sixth Circuit Bankruptcy Appellate Panel discussed this in <u>Gibson v. Gibson (In re Gibson)</u>, 219 B.R. 195 (B.A.P. 6th 1998). The BAP stated that "the judgment of an Ohio domestic relations court becomes the sole source of the parties' postdissolution rights and responsibilities with respect to their debts." <u>Id</u>. at 204. In further exposition

> [t]he entry of the Dissolution Decree extinguished all pre-existing obligations of the parties to each other, whether those obligations existed under the Separation Agreement or otherwise. The Separation Agreement incorporated into the Dissolution Decree replaced those obligations with new ones fully enforceable as a judgment of the domestic relations court . . . . Finally, and most significantly, Ms. Gibson obtained, as a result of applicable Ohio law, a new right to payment and related enforcement rights, all of which were incurred by the Debtor in connection with the parties' Separation Agreement as incorporated into the domestic relations court's Dissolution Decree.

<u>Id</u>. at 204-205. Relying on <u>Gibson</u>, the court finds that the parties' separation agreement became the basis of the parties' obligations to one another. Under their separation agreement, Defendant became obligated to pay BFG Federal Credit Union for Plaintiff's benefit. This debt was therefore incurred in the parties' separation agreement. Consequently, Defendant's argument is not well-taken.

Defendant's obligation to pay BFG Federal Credit Union clearly falls under § 523(a)(15). Consequently, Defendant's motion for summary judgment seeking a finding of dischargeability is not well-taken and will be denied. The debt is nondischargeable. Plaintiff's cross-motion for summary judgment on her § 523(a)(15) claim will be granted.[1]

An order finding the obligation nondischargeable will be entered contemporaneously with this opinion.

#      #      #

**Service List:**

Thomas R Buchanan
206 S Meridian St
#B
Ravenna, OH 44266-0623

Edward S Lake
Lake Legal Services, LLC
4450 Belden Village Street, Suite 804
Canton, OH 44718

---

[1] Although the court grants her motion on this count, it is not based on the arguments set forth in her motion.

6